IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02173-BNB

ERIC HOUSTON,

    Plaintiff,

v.

LT. J. McCULLOCH,
LT. BORJA,
JUSTIN COWLEY,
J. MUNOZ,
A. McCALLSTER,
N. MASSON,
J. ERPS,
G. JUARROS,
M. SCOTT,
E. CASTRO HESS,
CAPTAIN W. HUTCHING,
SIA BROWN,
WARDEN CHARLES D.,
MS. COLLINS,
V. VIGIL, R.N., and
NURSE EDITH REICHERT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 22 2010

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Plaintiff, Eric E. Houston, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He submitted to the Court *pro se* a Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331, asking for money damages and injunctive relief. He has been

granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On November 12, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Houston to submit within thirty days an amended complaint that was double-spaced and legible in compliance with Rule 10.1 of the Local Rules of Practice for this Court, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and alleged each Defendant's personal participation in the asserted constitutional violations. On December 20, 2010, Mr. Houston filed an amended *Bivens* complaint for money damages and injunctive relief.

The Court must construe Mr. Houston's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

Mr. Houston's amended complaint is barely legible and generally incomprehensible. He again complains that he has been subjected to excessive force and racial profiling. He now makes the vague and conclusory allegation that the BOP has been trying to have him killed for twelve years, instead of the eleven years asserted in the original complaint. His assertions of personal participation are limited to including "personal participation" with the name of each Defendant in the caption to the amended complaint and to making vague allegations in the discussion of the parties to the action.

Mr. Houston's complaint fails to comply with D.C.COLO.LCivR 10.1E. and G. and with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland informed him in the November 12 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Houston to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Houston fails to set forth a short and plain statement of his claims in the amended complaint showing that he is entitled to relief or to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. He fails to make factual allegations about the personal participation of each named Defendant. Instead, he makes the same vague allegations repetitively and sets forth an extended and unnecessary discussion of legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). The Court finds that the amended complaint is vague, verbose, and repetitive. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." **Id.**

As a result, the Court finds that the December 20 amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8, and must be dismissed. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See **Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969).

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Eric Houston, to comply with the pleading requirements of Fed. R. Civ. P. 8 and with the directives of the November 12, 2010, order for an amended complaint. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  22nd  day of    December    , 2010.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02173-BNB

Eric Houston
Reg. No. 16891-074
USP - Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 22, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk